IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00630-BNB

REV. DAVID L.R. KING,

    Applicant,

v.

HOMELAND SECURITY DEPARTMENT,
JANNET NAPOLITANO,
FEDERAL BUREAU OF INVESTIGATION (FBI),
NATIONAL CRIME INFORMATION CENTER (NCIC),
DENVER INTERNATIONAL AIRPORT POLICE DEPARTMENT,
UNITED AIRLINES,
PAMELA BURNS,
HORIZON/ALASKA/CATHAY PACIFIC AIRLINES,
ORBITZ, and
BEST TRAVEL STORE.

    Respondents.

ORDER OF DISMISSAL

    Applicant, Rev. David L.R. King, has filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 4) challenging alleged restrictions imposed by federal authorities on his ability to fly internationally. He has paid the $5.00 filing fee.

    The Court must construe liberally the Application filed by Mr. King because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Application will be dismissed for lack of subject matter jurisdiction.

Mr. King alleges the following facts in the amended Application: In August 1986, he was sentenced in the Yakima, Washington, Superior Court, Case No. 86-1-595-7, to ten years imprisonment based on a criminal conviction the nature of which is not disclosed. After his state sentence was vacated on appeal, he was re-sentenced in August 1989 to time served plus three years. Mr. King was released from state custody on August 24, 1991. In his supporting Affidavit, Mr. King states that on January 12, 2012, he was arrested and detained by Canadian immigration officers for over five hours at the Vancouver International Airport in Vancouver, B.C., Canada, when he was attempting to fly one-way to Bangkok, Thailand. Affidavit of the Rev. David L.R. King (Doc. No. 2), at ¶¶5-7. Canadian officials forced Mr. King to return to the United States. *Id.* at ¶ 8. Mr. King further states that on March 7, 2012, he arrived at the Denver International Airport (DIA) in Denver, Colorado, en route one-way to Douala, Cameroon. *Id.* at ¶¶11-12. After United Airlines employees refused to allow him to board the first leg of the flight to Washington, D.C., Mr. King withdrew his baggage from the ticketing scale and was confronted by DIA police officers while Defendant Burns attempted to remove the United baggage tag from his luggage. *Id.* at ¶¶14-17. Mr. King eventually removed the baggage tag himself and left the airport by automobile. *Id.* at ¶23.

Mr. King asserts in his filings that the Defendants have applied Department of Homeland Security (DHS) policies regarding international travel to impede his ability to travel by air outside the United States. He claims that the DHS's "Privacy Impact Statement for the US-VISIT[1] Five Country Joint Enrollment and Information Sharing

---

[1] United States Visitor and Immigration Status Indicator Technology.

Project (FCC)," promulgated on November 2, 2009, is unconstitutional. *See* Amended Application, Ex. 8. Mr. King seeks monetary relief from the Defendants and asks the Court to issue an injunction prohibiting the dissemination of any information within and outside the United States regarding his 1986 felony conviction.

Initially, the Court observes that the only proper Respondent in a habeas corpus action is the Respondent's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). None of the named Respondents are proper parties to this habeas proceeding unless they exercised custody over Mr. King under color of governmental authority. *See* 28 U.S.C. § 2241.

Federal courts have jurisdiction to grant writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was "in custody" under his unexpired sentence because his release from physical confinement was conditioned upon on his

reporting regularly to parole officer, remaining in a particular community, residence and job, and refraining from certain activities); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir.1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief.").

However, once the sentence imposed for a conviction has expired, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492 (noting that such circumstances include the inability to vote, engage in certain businesses, hold public office, or serve as a juror, *id.* at 491-92); *see also Virsnieks v. Smith,* 521 F.3d 707, 720 (7th Cir. 2008) (reasoning that burden imposed by Wisconsin's sexual offender registration requirements constitute a collateral consequence of a criminal conviction, rather than a significant restraint on the petitioner's liberty sufficient to satisfy the "in custody" prerequisite for federal habeas corpus review); *Ginsberg v. Abrams,* 702 F.2d 48, 49 (2d Cir.1983)(petitioner's removal from the bench, loss of license to practice law, and disqualification from being licensed as a real estate broker or insurance agent was not custody); *United States v. Keane*, 852 F.2d 199, 202 (7th Cir.1988) ("[C]ivil disabilities alone are not 'custody' authorizing collateral litigation.") (citation omitted)). Only severe restraints on physical liberty meet the custody requirement. *See Hensley*, 411 U.S. at 351.

Here, Mr. King does not allege that he was in the physical custody of any federal or state authorities at the time he filed the Application. Furthermore, he alleges that he has served his sentence for the 1986 conviction in full. Therefore, he is no longer "in

custody" with respect to the 1986 conviction.  Moreover, Mr. King does not allege sufficient facts to indicate that he is in the custody of the DHS or any other federal agency.  The Circuit Court of Appeals for the Tenth Circuit has recognized that an individual whose liberty is restricted pursuant to an order of removal issued by the DHS (formerly the INS) is "in custody" for purposes of habeas review.  *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).  That is not the case here.  Mr. King alleges that he has recently been restricted from flying one-way to certain countries[2] pursuant to policies promulgated by the DHS.  The only specific policy to which he refers, however, is an information sharing agreement.  The agreement does not contain any directives about restraining individual travel.  *See* Amended Application, Ex. 8. Regardless, impediments on a single mode of transportation do not vitally impact an individual's freedom of movement.  In short, Mr. King has not set forth any specific facts to show that he is in the custody of any state or federal agency so as to invoke federal habeas jurisdiction.

Mr. King may seek relief in a separate proceeding under the Freedom of Information Act (FOIA), 5 U.S.C. §552, to discover from the DHS why he is being precluded from flying internationally. *See*, *e.g.*, *Barnard v. Department of Homeland Security*, 531 F.Supp.2d 131 (D.D.C. 2008).  Alternatively, to the extent Mr. King believes that he has been placed on a "no fly" list by the federal government, his remedy is a civil action against the appropriate federal agencies.  *See* 49 U.S.C.

---

[2]Mr. King states in his affidavit that "[i[n the past eight years, I have circled the Earth a total of 39 full revolutions and 25 round-trip half lap-returns utilizing one-way air tickets."  Doc. No. 2, at ¶ 26.

§ 46110;[3] *Compare Mohamed v. Holder*, Case No. 11-cv-00050-AJT-TRJ, 2011 WL 3820711, at *8 (E.D. Va. Aug. 26, 2011) (unpublished) (federal court of appeals had exclusive jurisdiction over plaintiff's constitutional and APA claims because claims were inextricably intertwined with directive placing plaintiff on no-fly list), *and Scherfen v. U.S. Dep't of Homeland Sec.*, No. 3:CV–08–1554, 2010 WL 456784, at *13 (M.D. Pa. Feb. 02, 2010) (unpublished) (same), *with Ibrahim v. Dep't of Homeland Security*, 669 F.3d 983, 991 (9th Cir. 2012) (concluding that district court had jurisdiction over plaintiff's claims challenging her placement on no-fly list by Terrorist Screening Center, which was not a federal agency named in 49 U.S.C. § 46110).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and this action are DENIED without prejudice for lack of subject matter jurisdiction. It is

---

[3]Section 46110 of Title 49 U.S.C. states in pertinent part:

[A] person disclosing a substantial interest in an order issued by the Secretary of Transportation . . .may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

FURTHER ORDERED that all pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   23rd   day of     April         , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court